915 F.2d 1557
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Gary KREKORIAN, Plaintiff, Appellant,
v.
Martin JOYCE, et al., Defendants, Appellees.
 No. 90-1017.
 United States Court of Appeals, First Circuit.
 Sept. 21, 1990.
 
 Appeal from the United States District Court for the District of Maine Gene Carter, U.S. District Judge.
 Gary Krekorian on brief, pro se.
 Kevin G. Libby, William R. Fisher and Monaghan, Leahy, Hochadel & Libby on brief, for appellees.
 D.Me.
 VACATED AND REMAND.
 Before BREYER, Chief Judge, and LEVIN H. CAMPBELL and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from the district court's sua sponte dismissal under 28 U.S.C. Sec. 1915(d) of his action. We review the background.
 
 
 2
 The complaint alleged that while incarcerated but on work release status (the lowest security clearance), plaintiff had been transported in shackles from the pre-release center to Superior Court in order to attend a hearing on his pro se motion to reduce sentence. He had had to walk approximately 200 yards in the shackles, and the leg irons had remained on during the court hearing. Appellant complained of the shackles to the defendant deputy sheriff who transported him, but received no relief. Plaintiff "was unable to properly present his case to the court because the leg irons were hurting his ankles" and because of the mental anguish he experienced at being shackled. Based on the foregoing, plaintiff concluded that he had been subjected to excessive force, had been deprived of a state created liberty interest in not being shackled which the state had allegedly accorded to persons on work release status, had been denied adequate access to the courts in view of the interference the shackles had produced in presenting his case, and had been harassed (shackled) in retaliation for filing a motion to reduce sentence. He sought damages and injunctive relief.
 
 
 3
 The district court determined that the claim was frivolous and malicious within the meaning of 28 U.S.C. Sec. 1915(d) and dismissed the action.
 
 
 4
 The Supreme Court has indicated that an action may not be sua sponte dismissed as frivolous under 28 U.S.C. Sec. 1915(d) unless it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). It is clear from Neitzke that insufficiency of factual allegations alone should not result in sua sponte dismissal under Sec. 1915(d). Rather, procedural protections similar to what would obtain on a Rule 12(b)(6) motion to dismiss--e.g., notice of the deficiency and an opportunity to amend the complaint--should be accorded indigent litigants. Neitzke, 109 S.Ct. at 1834.
 
 
 5
 In dismissing the complaint as frivolous, the district court cited to Spain v. Procunier, 600 F.2d 189 (9th Cir.1979). In that case, the court had concluded that the use of leg manacles or waist chains plus handcuffs while transporting prisoners outside the prison was not "excessive or unreasonable." Id., at 198. There, however, the court was dealing with excessively dangerous prisoners charged with or convicted of violent acts while in prison. Id., at 192. In contrast, the present case involves a prisoner with the lowest security classification and on work release status. Moreover, in the present case, plaintiff claims that the very purpose of the restraints--according, allegedly, to the defendant deputy sheriff who transported plaintiff--was to deter prisoners from seeking court hearings, and plaintiff asserts a state created liberty interest not to be shackled, factors not present in Spain.
 
 
 6
 At this point we do not know, for example, whether leg irons were uniformly utilized in moving some or all classes of prisoners or whether the defendant deputy sheriff who transported plaintiff was authorized, or had some discretion, to dispense with their use, but chose not to for reasons completely unrelated to any safety concern.
 
 
 7
 To be sure, plaintiff's complaint is not as clear as it could be, and some of his contentions--such as his claim of a state created liberty interest not to be shackled--are bare faced assertions unsupported by any subsidiary facts. We cannot say as a matter of law, however, at this preliminary stage that plaintiff necessarily will be unable to allege or prove sufficient facts to establish a constitutional violation. Consequently, this case must be remanded for further proceedings.
 
 
 8
 Vacated and remanded.